UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BETH A. NOBLES, | ) | |
| Social Security No. XXX-XX-5934, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:15-cv-1-RLY-WGH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON
APPROPRIATE DISPOSITION OF THE ACTION**

This action is before me, William G. Hussmann, Jr., United States Magistrate Judge, pursuant to Judge Young's order. (Filing No. 21.) Plaintiff Beth Ann Nobles seeks judicial review of the Social Security Administration's final decision deeming her ineligible for Disability Insurance Benefits and Supplemental Security Income. The matter is fully briefed. (Filing No. 14; Filing No. 19.) Being duly advised, I reluctantly recommend that the Court **AFFIRM** the decision.

**I.    Background**

Ms. Nobles filed an application for Social Security Disability benefits on March 1, 2013. (Filing No. 12-5, at ECF p. 2). Her claim was denied initially and on reconsideration. (Filing No. 12-4, at ECF p. 2 and Filing No. 12-4, at ECF p. 10). She filed a timely request for hearing before an

Administrative Law Judge (ALJ). (Filing No. 12-4, at ECF p. 17). A hearing was held on June 30, 2014. (Filing No. 12-4, at ECF p. 26). On August 6, 2014, the ALJ issued a Notice of Decision – Unfavorable. (Filing No. 12-2, at ECF p. 16). Ms. Nobles filed a timely request for review of the unfavorable decision. (Filing No. 12-2, at ECF p. 11). On November 11, 2014, the Appeals Council denied her request for review. (Filing No. 12-2, at ECF p. 2). Consequently, the unfavorable hearing decision became the final decision of the Commissioner of Social Security. (20 C.F.R. § 404.981; *Schmidt v. Astrue,* 496 F.3d 833, 841 (7th Cir. 2007)).

### A. Nobles' Burden of Proof and the ALJ's Five-Step Inquiry

In order to qualify for benefits, Nobles must establish that she suffered from a disability as defined by the Social Security regulations. A disability is an "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish a disability, a claimant must present medical evidence of an impairment resulting from:

> anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms.

20 C.F.R. §§ 404.1508, 416.908.

An ALJ must perform a sequential, five-step inquiry to determine whether a claimant is disabled:

> (1) Was the claimant unemployed at the time of the hearing?
> (2) Does the claimant suffer from a severe impairment or a severe combination of impairments?
> (3) Are any of the claimant's impairments—individually or combined—so severe that the Social Security regulations have listed them as necessarily precluding the claimant from engaging in substantial gainful activity?
> (4) Does the claimant lack residual functional capacity (RFC) to perform her past relevant work?
> (5) Does the claimant lack RFC to perform any other work existing in significant numbers in the national economy?

See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant is disabled only if the ALJ answers "yes" to all five questions. See *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). An answer of "no" to any question ends the inquiry immediately and precludes the claimant from eligibility for benefits. *Id.* The claimant bears the burden of proof at Steps One through Four. *Id.* If the claimant succeeds, the Commissioner bears the burden at Step Five of proving that the claimant is not disabled. *Id.*

### B. The ALJ's Findings

Finding that Nobles met the insured status requirement of the Social Security Act through December 31, 2017, and that she has not engaged in substantial gainful employment activity since February 25, 2012 (the alleged onset date), the ALJ proceeded to Step Three of the analysis. (Filing No. 12-2, at ECF p. 21).

At Step Three, the ALJ found that Nobles had "the following severe impairments: right knee degenerative joint disease, status post replacement and right trochanteric bursitis; degenerative disc disease of the cervical and lumbar spine; de Quervain's tenosynovitis and left hand arthritis; left shoulder

rotator cuff tear; glaucoma; left eye blindness and right eye nuclear sclerosis; ocular hypertension; fibromyalgia syndrome; and obesity (20 CFR 404.1520(c))." (*Id.*). Despite these findings, at Step Three the ALJ found that Nobles' combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at ECF p. 22) *See also* 20 CFR Part 404.1520(d), 404.1525, 404.1526.

Thereafter, the ALJ found Nobles had the RFC to perform sedentary work, except that she can never use the right lower extremity to push or pull in order to operate foot controls. (Filing No. 12-2, at ECF p. 22). 20 CFR Part 404.1567(a) (defining sedentary work). The ALJ further found that Nobles can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. (Filing No. 12-2, at ECF p. 22). While Nobles was also found able to occasionally balance, stoop, kneel, crouch, and crawl, she should avoid concentrated exposure to hazards such as slippery, uneven terrain, and unprotected heights. (*Id.*). The ALJ also found that Nobles could frequently finger and feel with the bilateral upper extremities. (*Id.*).

Based upon this standard of the review, the ALJ concluded that Nobles could perform her past relevant work as a receptionist and as a telephone solicitor.

**II.     Standard of Review**

This Court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon a legal error. *E.g.*, *Nelms v. Astrue*, 553 F.3d

1093, 1097 (7th Cir. 2009); 42 U.S.C. § 405(g). The ALJ—not the Court—holds discretion to weigh evidence, resolve material conflicts, make independent factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399–400 (1971). Accordingly, the Court may not re-evaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

Even where the ALJ has based his decision on a legal error, the Court may not remand the action if the error was harmless. *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). The harmless-error standard does not allow the ALJ's decision to stand simply because it is otherwise supported by substantial evidence. *E.g.*, *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Substantial-evidence review ensures that the Administration has fulfilled its statutory duty to "articulate reasoned grounds of decision." *Id.* In contrast, review for legal errors "ensure[s] that the first-line tribunal is not making serious mistakes or omissions." *Walters v. Astrue*, 444 F. App'x 913, 919 (7th Cir. 2011) (non-precedential order) (citing *Spiva*, 628 F.3d at 353). Therefore, an error is harmless only if the Court determines "with great confidence" that remand would be pointless because no reasonable trier of fact could reach a conclusion different from the ALJ's. *McKinzey*, 641 F.3d at 892; *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

**III. Analysis**

Nobles alleges three grounds for remand. While each is discussed in turn, the overarching problem with Nobles' arguments is the focus on things

5

the ALJ did not specifically mention in his decision. An ALJ is not required to cite in his opinion to every piece of evidence in the record. *McKinzey v. Astrue,* 641 F.3d 884, 891 (7th Cir. 2011). Rather, an ALJ must base his decision off the entire record, articulate the basis for his conclusion, and ultimately "build a logical bridge from the evidence to his conclusion." *Schmidt,* 395 F.3d at 744.

### A. Substantial evidence supports the ALJ's conclusion that Plaintiff did not meet or medically equal Listings 1.03 or 1.04C.

To meet Listing 1.03 or 1.04C, Nobles had to prove that she could not ambulate effectively. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 1.03 and 1.04C. "The listings for musculoskeletal impairments require that an applicant demonstrate an 'extreme limitation on the ability to walk.'" *Sienkiewicz v. Barnhart,* 409 F.3d 798, 802–03 (7th Cir. 2005) (citing 20 C.F.R. Part 404, Subpt P, App. 1 § 1.00(B)(2)(b)(1)). "Inability to ambulate" means that a claimant cannot walk without using a "hand-held assistive device that limits functioning of *both* upper extremities." 20 C.F.R. Part 404, Subpart P, App. 1 § 1.00(B)(2)(b). "[E]xamples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, [or] the inability to walk a block at a reasonable pace on rough or uneven surfaces." *Id.*

In determining that Nobles was able to effectively ambulate, the ALJ based his decision off of Nobles' (1) full cervical range of motion, (2) normal

6

gait,[1] (3) no evidence of spinal arachnoiditis, (4) no disorganization of motor function, (5) and vision in her right eye not less than 20/200. Filing No. 12-2 at EFC p. 23. The ALJ also discussed in detail Nobles' right knee condition. Filing No. 12-2 at EFC p. 25. While this discussion does acknowledge limitation on the ability to ambulate, many of those records the ALJ draws from in this discussion indicate an inability to walk without the aid of an assistance device. These limitations lead the ALJ to limit the Plaintiff to sedentary work. *Id.* All these taken together evince a careful review of the record and substantial evidence that supports the ALJ's finding.

### B. Substantial evidence supports the ALJ's RFC determination.

A claimant's RFC is the most she can still do despite her limitations. An ALJ properly assesses a claimant's RFC when he bases his determination on all the relevant evidence in the record. 20 C.F.R. § 404.1545(a). In determining Nobles' RFC, the ALJ looked at each of her impediments and how they affected her ability to work. Plaintiff argues that the ALJ did not consider all of her impairments in combination. Filing No. 14 at EFC p. 10, but that is not true. The ALJ expressly noted that he considered "all symptoms" caused by each of Plaintiff's impairments. Filing No. 12-2 at EFC p. 23.

---

[1] As detailed in Plaintiff's Brief, pages 4-5, the ALJ omitted reference to significant evidence of the severity of Plaintiff's right knee limitations. The finding of "normal gait" does not seem supported by substantial evidence. However, as the ALJ ultimately concluded, Plaintiff's ability to ambulate does not reach the level of "ineffective ambulation as defined by Listing 1.00(b)(2)(b).

7

Specifically, the ALJ acknowledges all of Plaintiff's impairments as he concludes his RFC determination. Filing No. 12-2 at ECF p. 26. In the final paragraph of this section of his decision, the ALJ refers to both the Plaintiff's knee conditions and back pain. That paragraph also closely follows the ALJ's explicit mention of Plaintiff's limited eyesight, obesity, and Fibromyalgia symptoms. Id. The ALJ found Nobles' degenerative disc disease of the lumbar and cervical spine resulted in back and neck pain that contributed to her RFC comprising of only sedentary work. Filing No. 12-2 at EFC p. 24. Although the ALJ might have more clearly articulated his consideration of all of the Plaintiff's impairments in combination, I find that he addressed each impairment. I can trace the path of reasoning here and determine that all conditions were considered in combination.

With respect to Nobles' spine condition, the ALJ specifically concluded that Plaintiff's treatment history from April 2011 showed "modest cervical degenerative disc disease" and that she did possess full range of motion. Filing No. 12-2 at EFC p. 24. The ALJ also relied upon reports finding lumbosacral junction tenderness, which was described as "mild facet arthrosis and degenerative disc disease with a disc protrusion" in December 2011. Id. While Nobles does point to other findings by Dr. Whitacre, these findings in late 2011 and January 2012 were for conditions found taken as "potential precursor[s] to radiofrequency lesioning." Filing No. 12-7 at EFC p. 50-59. As the ALJ concluded, the Plaintiff's back symptoms showed with this radiofrequency lesioning treatment.

Nobles' degenerative joint disease of the right knee was also found to result in pain with weight bearing, further contributing to the sedentary RFC finding, with the additional limitation against using her right extremity to push or pull. Filing No. 12-2 at EFC p. 25. With respect to Plaintiff's right knee condition. The ALJ notes that Dr. Whitacre found her knee looked "excellent radiographically" in March of 2013 and that the consultative examiner found muscle tone and strength within normal limits. *Id.* Again, Plaintiff points to other parts of the record in which Plaintiff's knee condition in February of 2013 predates the findings relied upon by the ALJ. The fact that the ALJ did not accept the earlier reports of the Plaintiff's knee conditions, but relied upon some later reports, does not constitute error.

Also, the ALJ did discuss the fatigue and generalized pain of fibromyalgia, in addition to the additional stress on Nobles' joints caused by her obesity, and concluded that these conditions warranted an RFC finding for sedentary work. *Id.*

While the ALJ also found that Nobles had left-eye corneal edema, glaucoma, ice syndrome, and right-eye sclerotic cataract and glaucoma with ocular hypertension, the ALJ gave great weight to the opinion of specialist Dr. Dukar, who opined that "claimant's visual impairments do not result in any functional limitation of her physical activities." Filing No. 12-2 at EFC p. 25. The ALJ also explicitly considered, addressed, and weighed the opinions of consultative examiner Dr. Kad, the State agency medical consultants, and Nobles' and her husband's reports in making his decision. *Id.*

9

Plaintiff's brief mentions several other pieces of medical evidence that the ALJ "ignored." However, I conclude that the ALJ's RFC determination reflects the Plaintiff's limitations as expressed in the record as a whole. It is not error that the ALJ did not cite to every piece of evidence in his decision. *McKinzey*, 641 F.3d at 891. An "adequate discussion" of the issues by the ALJ does not require "a complete written evaluation of every piece of evidence." *Schmidt*, 395 F.3d at 744. To do so would be often impractical and without real value. The evidence that the Plaintiff's brief cites does not contradict the ALJ's RFC findings. The ALJ's decision provides a clearly traceable path of reasoning. Therefore, there is no cause for remand here.

### C. Failure to remand for evidence submitted to the Appeals Council was not reversible error.

Plaintiff claims that the Appeal Council's treatment of evidence regarding her sleep apnea diagnosis that she submitted to the Council after the ALJ's decision was cause for reversing the ALJ's decision. (Filing No. 14 at EFC p. 16; Filing No. 12-11 at EFC pp. 56-119). The Appeals Council considered the submitted evidence but found there was no reason the ALJ's decision should be adjusted in light of it. (Filing No. 12-2 at EFC p. 61).

Plaintiff now claims that this was reversible error because the Appeals Council erred in failing to articulate whether the evidence was new and material under *Farrell v. Astrue*, 692 F.3d 767 (7th Cir. 2012). (Filing No. 14 at EFC p. 16). The Commissioner persuasively articulates reasons why this argument fails. (Filing No. 19 at ECF pp. 8-10). I find the Commissioner's

10

argument is an accurate reflection of the law and how it should be applied to the facts at hand.

None of the evidence that Plaintiff submitted evinces any functional work-related limitations arising from Plaintiff's sleep apnea. I find nothing about the new diagnosis that should alter Plaintiff's determined RFC. All that the submitted evidence shows is that Plaintiff was diagnosed with sleep apnea and told to use a C-PAP machine. (Filing No. 14 at EFC pp. 15-15; Filing No. 12-11 at EFC p. 56).

This being the case, there was nothing in the evidence that would merit remanding the case back to the ALJ; nothing in the evidence provided a reason why the ALJ's decision was wrong. In the case of remand, the ALJ's decision would have been the same. The Appeals Council did not need to articulate anything beyond this, so Plaintiff was not prejudiced by the Appeals Council's failure to articulate its treatment of the sleep apnea evidence.

Even assuming *arguendo* that there was error by the Appeals Council, it could be only a harmless error. Under a harmless-error analysis, the party seeking to have the judgment set aside bears the burden of explaining why prejudice resulted from an erroneous ruling. *Shinseki v. Sanders*, 556 U.S. 396, 407-11 (2009). The Seventh Circuit has held that "we will not remand a case to the ALJ for further speculation where we are convinced that the ALJ will reach the same result." *McKinzey*, 641 F.3d at 892. Plaintiff has not met this burden. As stated above, nothing in the evidence regarding sleep apnea

11

suggested the ALJ's decision should be any different than was already decided. This argument does not present a reason for remanding the ALJ's decision.

## IV.     Conclusion

This case is curious. The Plaintiff is a woman who (a) is 62 years old; (b) has had a total knee replacement; (c) has had rotator-cuff surgery, (d) suffers from de Quervain's tenosynovitis of the wrist and left-hand arthritis; (e) suffers pain from at least lumbar stress; (f) is blind in one eye; (g) meets the criteria for fibromyalgia pain; and (h) has a BMI of 40, which exacerbates other conditions. But the ALJ found that, despite all these conditions, she can nevertheless perform work as a receptionist or telephone solicitor on a gainful-employment basis. If I was able to reweigh the evidence and substitute my judgement for that of the Commissioner, I would reverse this decision. I am not allowed to do so under the standard of review applicable to these cases.

For the foregoing reasons, I recommend that the Court **AFFIRM** the ALJ's opinion. Any objections to this Report and Recommendation must be filed with the Clerk in accordance with 28 U.S.C. ' 636(b)(1). Failure to file timely objections within 14 days after service will constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 27th day of October, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**

12