UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BETH A. NOBLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:15-cv-00001-RLY-MPB |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Beth A. Nobles, Plaintiff, filed a request for judicial review of the final decision of Carolyn Colvin, Acting Commissioner of the Social Security Administration, denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. The court referred the matter to the Magistrate Judge, who issued his Report and Recommendation. The Magistrate Judge concluded that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence, and therefore recommended that the court affirm the determination that Plaintiff is not disabled within the meaning of Title II. This matter now comes before the court on Plaintiff's Objection to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the court **SUSTAINS IN PART** Plaintiff's Objection, **REJECTS IN PART** the Magistrate Judge's Report and Recommendation, and **REMANDS** the matter to the Social Security Administration for further proceedings.

1

**I. Standard of Review**

The court reviews an ALJ's decision "deferentially only to determine if it is supported by substantial evidence." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014). *See* 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is well established that "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but 'must build a logical bridge from the evidence to his conclusion.'" *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)).

The Magistrate Judge reviewed the ALJ's decision, and Plaintiff filed a timely objection to his Report and Recommendation pursuant to Rule 72(b). When a party raises specific objections to a Magistrate Judge's Report and Recommendation, the district court reviews those matters *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence. Upon conducting a review, the court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**II. Discussion**

Plaintiff raises three objections to the Report and Recommendation. Each objection is discussed in turn.

### A. Ignoring Significant Lines of Evidence

First, Plaintiff argues that both the ALJ and the Magistrate Judge ignored significant lines of evidence. In support, Plaintiff lists numerous pieces of evidence that the ALJ allegedly failed to consider (e.g., portions of a lumbar MRI from December 2011 that shows disc protrusion, findings of physical therapists from November 2012 to February 2013, and a note from treating orthopedist, Ross Whitacre's physical exam). Unfortunately, Plaintiff stops there. She fails to conduct any actual analysis on the ALJ's alleged error, meaning that the court is left to guess why the evidence is significant. The Commissioner responds that "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence," *Minnick*, 775 F.3d at 935, and that is an accurate statement of the law. However, an ALJ must nonetheless "provide a 'logical bridge' between the evidence and his conclusions." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). As discussed below, that did not happen here.

In short, Plaintiff avers that she cannot ambulate effectively, which is required to meet Listings 1.03 or 1.04c. "Inability to ambulate effectively means an extreme limitation of the ability to walk." 20 C.F.R. § 404 subpt. P., app. 1 § 1.00(B)(1). As summarized by the Seventh Circuit,

> The regulations state that 'ineffective ambulation' is 'defined generally' as requiring the use of a hand-held assistive device that limits the functioning of both upper extremities. But the regulations further provide a nonexhaustive list of examples of ineffective ambulation, such as the inability to walk without the use of a walker or two crutches or two canes; the inability to walk a block at a reasonable pace on rough or uneven surfaces; the inability to carry out routine ambulatory activities, like shopping and banking; and the inability to climb a few steps at a reasonable pace with the use of a single handrail.

*Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) (quoting 20 C.F.R. § 404 subpt. P., app. 1 § 1.00(B)(1-2)).

The simple problem here, which Plaintiff fails to convey, is that the ALJ did not provide adequate reasoning for the determination that Plaintiff can effectively ambulate. In the Report and Recommendation, the Magistrate Judge concluded,

> In determining that Nobles was able to effectively ambulate, the ALJ based his decision off of Nobles' (1) full cervical range of motion, (2) normal gait, (3) no evidence of spinal arachnoiditis, (4) no disorganization of motor function, (5) and vision in her right eye not less than 20/200.

(Filing No. 22, Report and Recommendation ("Report") at 6-7). Yet, it is wholly unclear where the Magistrate Judge found these bases for the determination because the entirety of the ALJ's discussion of ambulation is a single sentence: "The claimant retains the ability to ambulate effectively with a normal gait." (Filing No. 12-2 at 22). The ALJ offers no explanation for how he arrived at that conclusion. Even if the court agreed the ALJ had offered those five reasons, the Magistrate Judge himself held that at least one of those reasons was unsupported by the record: "[T]he ALJ omitted reference to significant evidence of the severity of Plaintiff's right knee limitations. The finding of 'normal gait' does not seem supported by substantial evidence." (Report at 7 n.1).

The ALJ's single sentence on the topic of ambulation is followed by a single citation to a report from consultative examiner Surinder Kad, M.D. Dr. Kad's report is problematic though. Initially, Dr. Kad's report does not directly conclude that Plaintiff can ambulate effectively. More importantly though, the report is self-contradictory on this topic. On one hand, Dr. Kad writes: (1) Plaintiff can only walk "[o]ccasionally 2 hrs/

4

day," (2) "[t]here are definitive limitations to her movements, motions, or activities at this time"; and (3) Plaintiff "uses a walker as an assistive device for ambulation at night time." (Filing No. 12-11 at 588). On the other hand, Dr. Kad also finds: (1) Plaintiff "has the ability to perform activities involving . . . carrying . . . and traveling"; (2) "At this time, I see no limit to her/his activities (ADL, recreational, sports, repetitive, physical and exertional)"; (3) "[s]he can walk up and down steps"; and (4) Plaintiff has a normal gait. (*Id.*). Depending on which lines are selectively quoted, Dr. Kad's report could likely support a finding of either effective ambulation or ineffective ambulation. The ALJ is silent on how he resolved these internal inconsistences.

The Commissioner contends that remand is unnecessary because the evidence cited by Plaintiff does not show she satisfies the definition of ineffective ambulation: "Plaintiff did not cite evidence showing that she relied on a hand held assistive device that limited her functioning in *both* of her arms." (Filing No. 24, Commissioner's Response at 2 (emphasis original)). This argument misses the mark though, as that is not the only way to prove ineffective ambulation. The Social Security Administration's regulations provide that examples of ineffective ambulation include, but are not limited to, "the inability to walk a block at a reasonable pace on rough or uneven surfaces . . . and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." 20 C.F.R. § 404 subpt. P., app. 1 § 1.00(B)(2). Moreover, "The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation." *Id.*

Because the ALJ did not build a logical bridge between the evidence and his conclusion, remand is required. On remand, the ALJ should reassess the evidence regarding Plaintiff's ability to ambulate and offer support for his ultimate conclusion. Even if the ALJ comes to the same conclusion, he should discuss (and explain his reason for discounting) the evidence indicating Plaintiff cannot ambulate effectively. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits.").

### B. Failure to Consider Impairments in Combination

Second, Plaintiff offers a cursory argument that the ALJ did not consider impairments in combination when determining her residual functional capacity ("RFC"). Plaintiff raised this issue to the Magistrate Judge in her opening brief, and the Magistrate Judge rejected the argument after conducting a thorough discussion of the evidence. The Magistrate Judge found, "Although the ALJ might have more clearly articulated his consideration of all the Plaintiff's impairments in combination, I find that he addressed each impairment. I can trace the path of reasoning here and determine that all conditions were considered in combination." (Report at 8). In her Objection, Plaintiff simply states that "the ALJ did not clearly articulate his reasoning," but that is insufficient to show that the ALJ did not consider the combined impact of Plaintiff's impairments. Plaintiff fails to offer any explanation as to why the limitations provided in the RFC are insufficient. She also does not propose any additional limitations that she believes the ALJ should have included. She has therefore waived this objection. *See Clarett v. Roberts*, 657 F.3d

6

664, 674 (7th Cir. 2011) ("We have repeatedly held that undeveloped arguments are considered waived.").

### C. Failure to Adequately Address Dr. Dukar's Opinion

Lastly, Plaintiff takes issue with the following paragraph from the Report and Recommendation:

> While the ALJ also found that Nobles had left-eye corneal edema, glaucoma, ice syndrome, and right-eye sclerotic cataract and glaucoma with ocular hypertension, the ALJ gave great weight to the opinion of specialist Dr. [Omar K.] Dukar, who opined that "claimant's visual impairments do not result in any functional limitation of her physical activities." Filing No. 12-2 at EFC p. 25.

(Report at 9). Plaintiff argues that this paragraph "reflects a lack of recognition of the difference between exertional and non-exertional impairments." (Filing No. 23, Plaintiff's Objection at 5). She goes on to imply that Dr. Dukar's opinion leaves room for a finding that Plaintiff's eye impairments cause non-exertional limitations.[1] The court disagrees. Dr. Dukar's letter states, "[Plaintiff] has no functional limitation imposed by her impairment to do work related physical activities such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking and travelling." (Filing No. 12-11 at 569). This statement is unambiguous and leaves no room for Plaintiff's interpretation. Dr. Dukar plainly considered non-exertional limitations because he opines that Plaintiff's

---

[1] "Limitations are classified as exertional if they affect your ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(a). "Limitations or restrictions which affect your ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling, are considered nonexertional." *Id.*

7

eye conditions do not impair her ability to hear or speak, which are non-exertional in nature.

Despite Dr. Dukar's opinion, the ALJ did, in fact, provide limitations in Plaintiff's RFC to account for her eye impairments: "[T]he claimant's left eye blindness can reasonably be expected to result in diminished depth perception and diminished peripheral vision.  Because of this, the claimant should avoid concentrated exposure to workplace hazards such as slippery, uneven terrain, and unprotected heights."  Again, Plaintiff fails to explain what additional limitations would have been appropriate.

### IV. Conclusion

For the foregoing reasons, the court **SUSTAINS IN PART** Plaintiff's Objection (Filing No. 23) and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (Filing No. 22).  The ALJ failed to build a logical bridge from the evidence to his conclusion that Plaintiff can ambulate effectively.  Accordingly, the decision of the ALJ is **REVERSED**.  Plaintiff's Objection is **OVERRULED** and the Report and Recommendation is **ADOPTED** in all other respects.  This matter is **REMANDED** to the Social Security Administration for proceedings consistent with this Entry.

**SO ORDERED** this 31st day of March 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

9

Distributed Electronically to Registered Counsel of Record.